

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-21-00186-CV

———————————————

NATIONAL SPECIALTY INSURANCE COMPANY, INC., Appellant

V.

JASON STARR, Appellee

On Appeal from the 352nd District Court
Tarrant County, Texas
Trial Court No. 352-325364-21

Before Kerr, Birdwell, and Bassel, JJ.
Memorandum Opinion by Justice Kerr

# MEMORANDUM OPINION

Appellee Jason Starr filed an "Amended Notice of Filing of Foreign Judgment" in Texas state court to enforce a $2.8 million default judgment that he obtained against appellant National Specialty Insurance Company, Inc. in Iowa. *See generally* Tex. Civ. Prac. & Rem. Code Ann. §§ 35.001–.008 ("Enforcement of Judgments of Other States"). In response, NSIC filed "National Specialty Insurance Company, Inc.'s Notice of Appeal and/or Stay of Execution Pursuant to Tex. Civ. Prac. & Rem[.] Code § 35.006," asking the Texas court to stay the enforcement of the judgment here while NSIC appeals the Iowa judgment there. *See id.* § 35.006. The trial-court clerk forwarded NSIC's notice to us, and we filed it as a notice of appeal. *See* Tex. R. App. P. 25.1(a), (f).

We notified NSIC of our concern that we lacked jurisdiction over this appeal because it appeared that there was no final judgment or appealable order and that NSIC's notice of appeal was thus premature. *See* Tex. R. App. P. 26.1(a), 27.1(a). We gave NSIC ten days to provide us with a signed copy of the order that it wants to appeal, *see* Tex. R. App. P. 44.3, 44.4(a)(2), and warned NSIC that if it failed to do so, we would dismiss this appeal for want of jurisdiction, *see* Tex. R. App. P. 42.3(a), 43.2(f).

NSIC filed a response admitting that there is no final judgment or appealable order and conceding that we thus lack jurisdiction over this appeal.[1] We agree with NSIC and thus dismiss this appeal for want of jurisdiction. *See* Tex. R. App. P. 42.3(a), 43.2(f); *see also Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001) (explaining that an appellate court has jurisdiction over appeals from final judgments and from certain interlocutory orders made appealable by statute).

/s/ Elizabeth Kerr
Elizabeth Kerr
Justice

Delivered: July 15, 2021

---

[1]In its response, NSIC apologetically admits that "the confusion over the Court's jurisdiction arises from an unartfully titled pleading [it] filed in the trial court," in which it intended to invoke Section 35.006's stay procedure, and surmises that the notice-of-appeal language in the pleading's title "appears to have caused the notice to be sent to this Court." *See* Tex. Civ. Prac. & Rem. Code Ann. § 35.006.